UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZACHERY JONES, et al.<br><br>　　　　　Defendants. | No. 1:23-cv-01214-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF No. 22) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed December 7, 2023. (ECF No. 22.) Plaintiff's motion must be denied.

This action is proceeding against Defendants Zachery Jones and Javier Rivera for excessive force in violation of the Eighth Amendment.

**I.**

**DISCUSSION**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must include a "Statement of Undisputed Facts." Local Rule 260(a). Furthermore, this Court's local rule requires each motion of summary

1

judgment to include "a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular points of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." To establish the absence of a genuine factual dispute, Plaintiff must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials ..." Fed. R. Civ. P. 56(c)(1)(A); see also Local Rule 260(a). Plaintiff's Motion fails to comport with Fed. R. Civ. P. 56(a) and Local Rule 260(a).

Without ruling on the merits of Plaintiff's motion, his motion is procedurally deficient because it neither contains a statement of undisputed facts, nor cites to any evidence to establish a fact. As a result, Plaintiff's motion is procedurally deficient under Fed. R. Civ. P. 56 and Local Rule 260(a). Further, Plaintiff's motion for summary judgment is premature. By way of separate order issued this same date, the Court has ordered electronic service on Defendants.  Thus, Defendants have not yet been served nor filed an answer in this action.  Consequently, the Court has not yet issued its discovery order and discovery has not yet commenced.  As a result, in addition to being procedurally deficient, Plaintiff's motion should be denied as premature. See Hammler v. Hernandez, No. 1:19-cv-00616-SKO (PC), 2022 WL 16637658 (E.D. Cal. Nov. 2, 2022).

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment be denied as procedurally deficient and premature.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 8, 2023**                    _____
                                                  UNITED STATES MAGISTRATE JUDGE