1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS K. MILLS,                        No.  1:23-cv-01214-JLT-SAB (PC)

12                 Plaintiff,                ORDER DENYING PLAINTIFF'S MOTION
                                             FOR APPOINTMENT OF COUNSEL,
13        v.                                 WITHOUT PREJUDICE

14   ZACHERY JONES, et al.                   (ECF No. 28)

15                 Defendants.

16

17          Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42

18   U.S.C. § 1983.

19          Currently before the Court is Plaintiff's motion for appointment of counsel, filed

20   December 14, 2023.

21          he does not have a constitutional right to appointed counsel in this action, Rand v.

22   Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to

23   represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for

24   the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional

25   circumstances the court may request the voluntary assistance of counsel pursuant to section

26   1915(e)(1).  Rand, 113 F.3d at 1525.

27          Without a reasonable method of securing and compensating counsel, the Court will seek

28   volunteer counsel only in the most serious and exceptional cases.  In determining whether

                                                1

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.  The test is whether exception circumstances exist and here, they do not.  In particular, the record in this case supports a finding that Plaintiff has adequately litigated this action to date.  Indeed, he has filed several motions including, a motion to compel, request for default, and motion for summary judgment.  Further, the fact that the Court has found that Plaintiff has stated a cognizable claim, at the pleading stage, does not demonstrate that he is likely to proceed on the merits of the claims.  Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **December 15, 2023**   _____

UNITED STATES MAGISTRATE JUDGE

2