UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>        Plaintiff,<br><br>    v.<br><br>ZACHERY JONES, et al.<br><br>        Defendants. | No. 1:23-cv-01214-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF No. 34) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants Zachery Jones and Javier Rivera for excessive force in violation of the Eighth Amendment. Currently before the Court is Plaintiff's second motion for summary judgment, filed January 2, 2024.

**I.**

**DISCUSSION**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must include a "Statement of Undisputed Facts." Local Rule 260(a). Furthermore, this Court's local rule requires each motion of summary judgment to include "a 'Statement of Undisputed Facts' that shall enumerate discretely each of

1

the specific material facts relied upon in support of the motion and cite the particular points of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." To establish the absence of a genuine factual dispute, Plaintiff must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials ..." Fed. R. Civ. P. 56(c)(1)(A); see also Local Rule 260(a). Plaintiff's Motion fails to comport with Fed. R. Civ. P. 56(a) and Local Rule 260(a).

In the instant motion, Plaintiff seeks summary judgment on the merits of his excessive force claim against Defendants Zachery Jones and Javier Rivera. Plaintiff's motion for summary judgment is premature pursuant to Rule 56 of the Federal Rules of Civil Procedure because summary judgment generally follows discovery. Although Rule 56 allows a party to file a motion for summary judgment "at any time," the rule also allows the court, as is just, to deny the motion or order a continuance for the opposing party to pursue discovery. Fed. R. Civ. P. 56.

Here, although the Court has ordered service on Defendants, they have not yet filed a response in this action.  The Court has not yet issued its discovery order and discovery has not yet commenced. Written discovery (requests for production of documents, interrogatories, admissions) has not yet been propounded and depositions have not been taken. See Fed. R. Civ. P. 56(c)(1)(A).  Defendants are entitled to an opportunity to pursue discovery before responding to a summary judgment motion and Defendant have not been provided an opportunity to complete discovery.  Accordingly, Plaintiff's second motion for summary judgment should be denied as premature.  Plaintiff may file a motion for summary judgment that incorporates after obtaining all relevant materials following completion of discovery as contemplated by Rule 56. See, e.g., Moore v. Hubbard, No. CIV S-06-2187 FCD EFB P, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as premature); see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003) (noting that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery

relating to its theory of the case," the district court should grant requests by non-movants to take discovery prior to considering the motion for summary judgment); Vining v. Runyon, 99 F.3d 1056, 1058 (11th Cir. 1996) ("A premature decision on summary judgment impermissibly deprives the [defendants] of their right to utilize the discovery process to discover the facts necessary to justify their opposition to the motion").

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's second motion for summary judgment be denied as premature.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 4, 2024**

UNITED STATES MAGISTRATE JUDGE