UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>    Plaintiff,<br><br>    v.<br><br>ZACHERY JONES, et al.<br><br>    Defendants. | No. 1:23-cv-01214-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES AS UNNECESSARY<br><br>(ECF No. 52) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's request to "enter a motion to prove my exhaustion of my administra[tive] remedies," filed April 17, 2024. Plaintiff's motion shall be denied.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the

applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. Jones, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him." Id. (citations omitted). If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. See Lira v. Herrera, 427 F.3d 1164, 1175 (9th Cir. 2005).

As stated above, Plaintiff is not required to plead and/or prove exhaustion of the administrative remedies because it is an affirmative defense. Accordingly, Plaintiff's request to "enter a motion" to prove exhaustion of the administrative remedies is denied.

IT IS SO ORDERED.

Dated:   **April 18, 2024**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE