1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   THOMAS K. MILLS,                        No.  1:23-cv-01214-JLT-SAB (PC)

12              Plaintiff,                    FINDINGS AND RECOMMENDATION
                                             RECOMMENDING PLAINTIFF'S FOURTH
13        v.                                  MOTION FOR SUMMARY JUDGMENT BE
                                             DENIED
14   ZACHERY JONES, et al.
                                             (ECF No. 68)
15              Defendants.

16

17
        Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42
18
     U.S.C. § 1983.
19
        Currently before the Court is Plaintiff's fourth motion for summary judgment, filed June
20
     6, 2024.  (ECF No. 68.)  For the same reasons as stated in the Court's April 23, 2024, Findings
21
     and Recommendations, Plaintiff's fourth motion for summary judgment must be denied.
22
                                          **I.**
23
                                      **DISCUSSION**
24
        Rule 56(d) of the Federal Rules of Civil Procedure provides a procedure by which a party
25
     may avoid summary judgment when such party has not had sufficient opportunity to discover
26
     affirmative evidence necessary to oppose the motion.  See Garrett v. San Francisco, 818 F.2d
27
     1515, 1518 (9th Cir. 1987).  In particular, Rule 56(d) provides that a court may deny a summary
28

                                          1

judgment motion and permit the opposing party to conduct discovery where it appears that the opposing party, in the absence of such discovery, is unable to present facts essential to opposing the motion. Fed. R. Civ. P. 56(d). A pending discovery motion is sufficient to raise a question as to whether the party opposing summary judgment should be permitted additional discovery, even if no request under Rule 56(d) has been made. See Garrett, 818 F.2d at 1518.  The Ninth Circuit has made clear that in cases involving pro se prisoners, summary judgment is not favored when discovery requests for relevant evidence are pending. In particular, the Ninth Circuit has noted:

Under Rule 56(f) [(the predecessor to current Rule 56(d))], the court may postpone ruling on a summary judgment motion where the nonmoving party needs "additional discovery to explore 'facts essential to justify the party's opposition.' " Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quoting Fed. R. Civ. Pro. 56(f)). Though the conduct of discovery is generally left to a district court's discretion, summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs. Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir. 1988); Harris v. Pate, 440 F.2d 315, 318 (7th Cir. 1971) (Stevens, J.) (observing that the combined disabilities of self-representation and confinement hinder a plaintiff's ability to gather evidence). Thus summary judgment in the face of requests for additional discovery is appropriate only where such discovery would be "fruitless" with respect to the proof of a viable claim. Klingele, 849 F.2d at 412; Jones v. Blanas, 393 F.3d 918, 930 (9th Cir. 2004) (parallel citations omitted and brackets added).  Plaintiff's motion for summary judgment is premature as Defendants have not had sufficient opportunity to conduct discovery as it was just opened on April 10, 2024.  (ECF No. 51.)

In addition, Plaintiff did not comply with Local Rule 260(a) which requires the party moving for summary judgment to provide a "Statement of Undisputed Facts" that cites to the evidentiary basis for each undisputed fact. Federal Rule of Civil Procedure 56(c) similarly mandates that all undisputed facts be based on "materials in the record" such as affidavits or depositions. Although Plaintiff has attached his own declaration to the motion for summary judgment, he has not included a separate statement of undisputed facts as required by Local Rule 260(a).  As a result, Plaintiff's motion is procedurally deficient under Fed. R. Civ. P. 56 and

1   Local Rule 260(a).  Accordingly, Plaintiff's motion for summary judgment must be denied.

2   **II.**

3   **RECOMMENDATION**

4   Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's fourth motion
5   for summary judgment (ECF No. 68) is DENIED, without prejudice.

6   This Findings and Recommendation will be submitted to the United States District Judge
7   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)**
8   **days** after being served with this Findings and Recommendation, the parties may file written
9   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
10  Findings and Recommendation."  The parties are advised that failure to file objections within the
11  specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834,
12  838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

13

14  IT IS SO ORDERED.

15  Dated:   **June 10, 2024**

16  UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

3