UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>  Plaintiff,<br><br>  v.<br><br>ZACHERY JONES, et al.<br><br>  Defendants. | No. 1:23-cv-01214-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS BE GRANTED<br><br>(ECF No. 72) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to revoke Plaintiff's in forma pauperis status because he has suffered three or more strikes under 28 U.S.C. § 1915(g), filed July 18, 2024. (ECF No. 72.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Zachery Jones and Javier Rivera for excessive force in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on March 11, 2024. (ECF No. 44.)

On April 10, 2024, after Defendants opted out of the post-screening ADR settlement conference, the Court issued the discovery and scheduling order. (ECF No. 51.)

1

On July 18, 2024, Defendants filed the instant motion to revoke Plaintiff's in forma pauperis status. (ECF No. 72.)

On July 26, 2024, Plaintiff filed a motion requesting an extension of time to pay the filing fee for this action. (ECF No. 74.) The Court granted Plaintiff's motion and provided until September 10, 2024, for Plaintiff to pay the filing fee. (ECF No. 75.) Plaintiff has not paid the filing fee this action or filed an opposition to Defendants' motion to revoke his in forma pauperis status. Accordingly, Defendants' motion is deemed submitted without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). 28 U.S.C. § 1915(g) provides that "In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." "[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute ... lead[s] to absurd or impracticable consequences." Seattle-First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted).

In Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005), the Ninth Circuit explained, "The PLRA does not define the terms 'frivolous,' or 'malicious,' nor does it define dismissals for failure to 'state a claim upon which relief could be granted.' We have held that the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil Procedure 12(b)(6)." In defining the terms frivolous and malicious, the Andrews court stated that, "we look to their 'ordinary, contemporary, common meaning.' Thus, a case is frivolous if it is 'of little weight or importance: having no basis in law or fact.' A case is

malicious if it was filed with the 'intention or desire to harm another.' " Andrews, 398 F.3d at 1121 (internal quotations and citations omitted).

The Andrews court further noted, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id. at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal, which is determinative, not the styling of the dismissal. El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016); O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

In seeking revocation of Plaintiff's in forma pauperis status, Defendants bear the burden of establishing that Plaintiff has three or more strikes within the meaning of section 1915(g), which requires the submission of evidence sufficient to demonstrate at least three prior qualifying dismissals. Andrews, 398 F.3d at 1120. "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." Id. "In sum, once a prisoner has been placed on notice of the potential disqualification under 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." Id.

## III.

## DISCUSSION

Defendants seek to dismiss this action because Plaintiff has at least three previous suits that courts have dismissed for being frivolous, malicious, or failing to state a claim, and Plaintiff did not allege that he was in imminent danger of serious physical injury at the time the complaint was filed.

///

///

///

Plaintiff has not filed an opposition and has implicitly conceded that he is not eligible to proceed in forma pauperis by agreeing to pay the filing fee for this action.[1]  (See ECF No. 74.)

**A.     Three or More Strikes Under Section 1915(g)**

Defendants submit that Plaintiff has suffered three or more strikes in the following cases of which the Court takes judicial notice:[2]

1.     Thomas Mills v. State of California, et al., No. 2:20-cv-10047-DSF-SK (C.D. Cal. Feb. 8, 2021) (the district court dismissed action based on the finding that, *inter alia,* Plaintiff's complaint was "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted" and noting that the dismissal "may constitute a strike under the 'Three Strikes' provision governing the filing of prisoner suits.")  (ECF No. 72-2, Ex. A.)

2.     Thomas Mills v. State of California, et al., No. 21-55292 (9th Cir. June 9, 2021) (Circuit Court dismissed Plaintiff's appeal from the district court's dismissal in C.D. Cal. No. 2:20cv10047-DSF-SK, as "frivolous.")[3]  (ECF No. 72-2, Ex. B.)

3.     Thomas Mills v. Court of Appeal, No. CV 17-3211-DDP (AJW) (C.D. Cal. July 26, 2017) (the district court dismissed action subsequent to denial of motion to proceed IFP and finding Plaintiff's complaint, inter alia, "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted.")  (ECF No. 72-2, Ex. C.)

4.     Thomas Mills v. Dep't of Corr., No. CIV S-06-0355 ALA P (E.D. Cal. Aug. 15, 2007) (the district court dismissed action after finding that, inter alia, Plaintiff failed to state a cognizable claim under the Americans with Disabilities Act (ADA) and for failure to prosecute after Plaintiff failed to file an amended complaint.)[4]  (ECF No. 72-2, Ex. D.)

---

[1] "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."  Local Rule 230(l).

[2] Pursuant to Federal Rule of Evidence 201, the court may take judicial notice of "adjudicative facts" (e.g., court records, pleadings, etc.) and other facts not subject to reasonable dispute and either "generally known" in the community or "capable of accurate and ready determination by reference to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[3] See Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015) (counting appeal found to be frivolous as a strike).

[4] In Harris v. Mangum, the Ninth Circuit held a dismissal counts as a strike when the court dismisses a complaint for

4

1          5.      Thomas Mills v. State Comp. Ins. Fund, No. CIV S-06-1429 FCD KJM P (E.D. Cal. Apr. 19, 2007) (the district court dismissed action after finding that Plaintiff failed to state a plausible civil rights claim and for failure to prosecute after Plaintiff failed to file an amended complaint.) (ECF No. 72-2, Ex. E.)

           6.      Thomas Mills v. Doe, E.D. Cal. No. CIV S-06-1395 GEB DAD P, Doc. No. 21 (May 29, 2008) (the district court dismissed action after finding Plaintiff failed to state plausible ADA or civil rights claims and for failure to prosecute after Plaintiff failed to file an amended complaint and failed to comply with the court's Local Rules.) (ECF No. 72-2, Ex. F.)

Based on the six cases cited above, the Court finds that Plaintiff has incurred three or more "strikes" under § 1915(g) prior to filing the instant civil action.

**B.     Imminent Danger Exception**

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on August 10, 2023 (with application of the mailbox rule). Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692,

---

failure to state a claim, grants leave to amend, and the plaintiff fails to amend the complaint. 863 F.3d at 1143.

695 (9th Cir. 2022).

Here, Plaintiff has not made a plausible allegation that he was in imminent danger of serious physical injury at the time he filed his complaint. Plaintiff alleges that on June 6, 2021, Defendant Jones "threw" Plaintiff to the ground and "jumped on Plaintiff's back with his knee and full body weight." (ECF No. 1 at 3.) Defendant Jones then placed Plaintiff in handcuffs and escorted Plaintiff to the program office holding cell. Plaintiff further alleges that Defendant Rivera unlocked the holding cage, grabbed Plaintiff by the neck, and pulled Plaintiff out of the cage. Defendant Rivera then stood Plaintiff up and began punching Plaintiff in the face while Plaintiff remained in cuffs. Plaintiff claims that Defendant Jones also punched Plaintiff, pushed Plaintiff to the floor, and slapped his face several times. Both Defendants then kicked Plaintiff in the chest. Plaintiff alleges that his face was bleeding and swollen. Plaintiff further alleges that three of his rights ribs were fractured. (ECF No. 1 at 3-4.)

There is nothing in the complaint that would indicate Plaintiff was under threat of imminent danger based on the excessive force incidents at the time he filed the complaint. See e.g., Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("In short, because [plaintiff] has properly alleged an ongoing danger, and because his complaint was filed very shortly after the last attack, we conclude that [plaintiff] meets the imminent danger exception in § 1915(g)."); see also Taylor v. Carter, No. 1:13-cv-01155 SAB (PC), 2014 WL 11774844, at *1 (E.D. Cal. May 5, 2014) (finding plaintiff's allegations of "excessive force, retaliation, and due process allegations arising from his placement and retention in administrative segregation" failed to show plaintiff was in imminent danger at the time the complaint was filed); Cruz v. Chappuis, No. 1:19-cv-01016 SAB (PC), 2019 WL 7040942, at *1 (E.D. Cal. Aug. 14, 2019) (allegations that plaintiff was subjected to excessive force which took place over ten months prior to filing the complaint failed to meet imminent danger exception).

Further, Plaintiff is not and was not (at the time of filing) housed at North Kern Valley State Prison where the incidents giving rise to his complaint were alleged to have occurred and where Defendants are employed. Therefore, there is no risk of a physical attack at Kern Valley State Prison. The availability of the imminent danger exception "turns on the conditions a

prisoner faced at the time the complaint was filed, not at some earlier or later time." Andrews, 493 F.3d at 1053, 1056; Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); see also Turner v. Allison, No. 18-cv-02061-YGR (PR), 2019 WL 1230437, at *2 (N.D. Cal. Mar. 15, 2019) ("None of these alleged incidents of excessive force occurred at the prison[ ] where Plaintiff was incarcerated at the time he filed his complaint"); Cruz v. Baker, No. 1:18-CV-01641-LJO-SAB PC, 2018 WL 11241283, at *1 (E.D. Cal. Dec. 13, 2018) (finding past incidents of alleged excessive force by guard allegedly employed at former prison "do not meet the imminent physical danger exception under section 1915(g)"); Bontemps v. Smith, No. CV 15-8226-JFW (SP), 2016 WL 10894023, at *3 (C.D. Cal. Nov. 18, 2016) (finding a single incident of excessive force at another prison, occurring more than a year before filing insufficient to satisfy 28 U.S.C. Section 1915(g)'s exception for imminent danger of serious physical injury), aff'd, 708 F. App'x 360 (9th Cir. 2017). Consequently, Plaintiff has not satisfied the imminent danger exception to three-strikes rule of § 1915(g), and Plaintiff's in forma pauperis status be revoked. If Plaintiff wishes to proceed with this action, he must pre-pay the $402.00 filing fee in full.[5]

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendants' motion to revoke Plaintiff's in forma pauperis status be granted; and

2.     Plaintiff be directed to pay the $402.00 filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772

---

[5] The Court notes that the filing fee increased from $402.00 to $405.00 ($350.00 filing fee plus $52.00 increased to **$55.00** administrative fee), effective December 1, 2023 (https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/fee-schedule/); however, since this case was filed on August 10, 2023, the administrative fee increase does not apply.

7

F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 27, 2024**__

UNITED STATES MAGISTRATE JUDGE

8