**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS K. MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ZACHERY JONES, et al.<br><br>　　　　　Defendants. | Case No. 1:23-cv-01214 JLT SAB (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PAY THE FILING FEE |

　　　　Thomas Mills was proceeding *in forma pauperis* in this action, in which he seeks to hold the defendants liable for violations of his civil rights during his incarceration at North Kern State Prison. On October 23, 2024, the Court revoked Plaintiff's *in forma pauperis* status and ordered him to pay the filing fee in full within 21 days. (Doc. 81.) To date, Plaintiff has not paid the filing fee or otherwise responded to the Court's order.

　　　　To determine whether terminating sanctions are appropriate for Plaintiff's failure to comply with the Court's order directing payment of the filing fee, the Court must consider: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986). The Court may dismiss an action when "at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." *Hernandez v. City*

*of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). Thus, these factors favor the imposition of terminating sanctions.

Next, the Court must determine whether the defendants suffer prejudice by examining "whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). A presumption of prejudice arises when a plaintiff unreasonably delays the prosecution of an action. *See Hernandez*, 138 F.3d at 400-401; *Clear Channel Ent./Televisa Music Corp. v. Mex. Musical, Inc.*, 252 Fed. App'x 779, 781 (9th Cir. 2007). Because Plaintiff has delayed this action though his failure to obey the Court's order to pay the filing fee, this factor also supports dismissal.

Further, the Court must consider the imposition of lesser sanctions. *Allen v. Bayer Corp.*, 460 F.3d 1217 (9th Cir. 2006). A court's warning to a party that an action—or inaction— could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal as the result of a violation of a court order. *Malone*, 833 F.2d at 133. In the order revoking Plaintiff's *in forma pauperis* status and ordering Plaintiff to pay the filing fee, the Court warned that "[f]ailure to pay the required filing fee will result in dismissal of the action. (Doc. 81 at 2.) Notably, the Court need only warn a party once that the matter could be dismissed to satisfy the requirements considering alternative sanctions. *Ferdik*, 963 F.2d at 1262. Moreover, no lesser sanction than termination without prejudice is feasible because the action cannot proceed without payment of the Court's filing fee. *See United States v. Jiang*, 214 F.3d 1099, 1103 (9th Cir. 2000) (identifying dismissal without prejudice as a "lesser

sanction" than dismissal with prejudice).

Finally, the policy favoring disposition of claims on the merits is outweighed by the four factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n. 2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors"). Thus, the **ORDERS**:

1. This action is **DISMISSED** without prejudice.
2. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: **November 23, 2024**

UNITED STATES DISTRICT JUDGE

3